**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDERSON JOSE MORALES-MORALES, | |
| Petitioner, | CIVIL ACTION NO. 3:26-CV-00932 |
| v. | (MEHALCHICK, J.) |
| WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, et al., | |
| Respondents. | |

**ORDER**

Before the Court is Petitioner Anderson Jose Morales-Morales's ("Morales") combined motion to strike Respondent's response, traverse, and request for immediate habeas relief. (Doc. 11). Morales requests that the Court strike Respondent Craig Lowe's ("Lowe") response (Doc. 8), declare his immigration detention unlawful and unconstitutional, and order immediate release or, in the alternative, an immediate bond hearing. (Doc. 11, at 6). Morales commenced this action on April 13, 2026, by filing a petition for writ of habeas corpus, which the Court granted on April 30, 2026. (Doc. 1; Doc. 10). The Court ordered Lowe to release Morales from custody at the Pike County Correctional Facility and enjoined Lowe from re-detaining Morales under 8 U.S.C. § 1225(b). (Doc. 10). The ICE detainee locator website indicates that Morales has been released from ICE custody in accordance with the Court's April 30, 2026 order. U.S. Immigration and Customs Enforcement, Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited May 12, 2026). Accordingly, Morales's request for immediate habeas relief is **DENIED as moot**. (Doc. 11)

For the remaining motion to strike, Federal Rule of Civil Procedure 12(f) permits the Court to strike "from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. CIV.A. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009))."Partly because of the practical difficulty of deciding cases without a factual record, it is well established that striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994); *see C.M. by & through McMillen v. Am. Honda Motor Co.*, No. 3:23-CV-00119, 2024 WL 1382760, at *10 (W.D. Pa. Apr. 1, 2024). No such drastic remedy is required in this case because the Court has already granted Morales the relief he sought his petition for writ of habeas corpus. (Doc. 9; Doc. 10). Lowe's response was not insufficient, redundant, immaterial, impertinent, or scandalous, and the Court already considered Lowe's response in deciding Morales's petition for writ of habeas corpus. (Doc. 8; Doc. 9; Doc. 10). As the Court granted the relief Morales sought in his petition for writ of habeas corpus after considering Lowe's response, Morales's motion to strike is **DENIED as moot**. (Doc. 11); *see N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994); *see also Cestra*, 2015 WL 2455420, at *7.

**BY THE COURT:**

**Dated: May 13, 2026**

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

2